UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL W. DAVID AND
KATHERINE S. PEROT DAVID                                    PLAINTIFFS

VERSUS                         CIVIL ACTION NO. 5:09CV00021-DCB-JMR

LINDA LANCELOTTE
d/b/a/ FLAGSTAR BANK AND
FLAGSTAR BANK, FSB                                           DEFENDANTS

ORDER

This matter comes before the Court on the plaintiffs' Motion to Remand [docket entry no. 3]. On July 13, 2009, the Court issued an order instructing the plaintiffs to show cause within ten (10) days why the motion to remand should not be denied based on the improper joinder of Linda Lancelotte as a defendant. The response time has expired with no reply from the plaintiffs. Accordingly, having considered the Motion to Remand in light of all applicable law and being otherwise fully advised in the premises, the Court finds and orders as follows:

On November 4, 2008, plaintiffs Michael W. David and Katherine S. Perot David ("plaintiffs") filed an action in the Circuit Court of Warren County, Mississippi, against Linda Lancelotte ("Lancelotte") and Flagstar Bank ("Flagstar") (collectively, "defendants"). In their Complaint, the plaintiffs bring claims for breach of their loan contract with the defendants and for gross negligence in the loan process. Specifically, the plaintiffs seek to recover "an amount that will fully compensate them for all

1

monetary loss as a result of the defendants' breach of contract" as well as "damages for mental pain, suffering and anguish which were the direct result of" the breach of contract and gross neglect [docket entry no. 1].

On February 26, 2009, Flagstar filed a Notice of Removal of the action pursuant to 28 U.S.C. §§ 1441, 1446, and 1452, predicating the Court's jurisdiction upon both diversity of citizenship under 28 U.S.C. § 1332 and bankruptcy subject matter jurisdiction under 28 U.S.C. § 1334 [docket entry no. 1]. In its Notice of Removal, Flagstar avers that it is completely diverse from the plaintiffs inasmuch as the plaintiffs are citizens of Mississippi and Flagstar is a federal savings association with its principal place of business in Michigan. Flagstar further posits that the plaintiffs have stated no possible basis for recovery against Lancelotte, a Mississippi citizen, and therefore she was fraudulently joined in this action solely for the purpose of defeating diversity of citizenship jurisdiction. In addition, Flagstar indicates that the amount in controversy requirement of § 1332 is satisfied as the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The plaintiffs filed the instant Motion to Remand on March 26, 2009 [docket entry no. 3]. In their Motion, the plaintiffs contend that removal was improper for the following reasons: (I) Flagstar's Notice of Removal was not timely filed, that is, within thirty days

2

after receipt by the defendant of the initial pleading, as required by 28 U.S.C. § 1446(b); (II) the parties are not completely diverse because Lancelotte, a properly joined defendant, and the plaintiffs are all citizens of Mississippi; and (III) the exact monetary damages sought by the plaintiffs is not set forth in the initial pleading, and neither the pleadings nor other papers filed in this action reveal that the amount in controversy exceeds $75,000.00 [Pls.' Mot. to Remand ¶ 3.]. In response, Flagstar argues the following: (I) its Notice of Removal was timely filed within thirty days of the date that it was properly served; (II) the parties are completely diverse because Lancelotte was fraudulently joined as a defendant for the purpose of defeating diversity jurisdiction; and (III) the amount in controversy exceeds $75,000.00 because the amount of the loan contract itself exceeded $75,000.00, and the plaintiffs are also seeking damages for mental pain, suffering and anguish [D.'s Resp. to Pls.' Mot. to Remand ¶ II, III, and IV].

I. Notice of Removal Was Timely Filed

Flagstar filed its Notice of Removal on February 26, 2009, under 28 U.S.C. § 1446(b), which requires that notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The United States Supreme Court has said that "service or otherwise" requires formal service of process on

3

the defendant. Murphy Brothers v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999). The plaintiffs attempted to serve Flagstar with a copy of the Summons and Complaint by certified mail pursuant to Miss. R. Civ. P. 4(c)(5); however, the plaintiffs failed to direct the mailing to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" for Flagstar, as required by Miss. R. Civ. P. 4(d)(4) when serving a foreign corporation. The Mississippi Court of Appeals recently stated that "[i]f service is attempted by certified mail upon a corporation under Rule 4(c)(5), but is delivered to a person not designated to receive process under Rule 4(d)(4), the process fails." Flagstar Bank, FSB v. Danos, 2008 WL 5064953, *8 (Miss. App. 2008). Flagstar's mail clerk's receipt and signing for the certified mailing on November 10, 2008, therefore, did not constitute formal service of process. The Circuit Court of Warren County, in setting aside the Entry of Default against Flagstar, stated that counsel for Flagstar had agreed to accept service on Flagstar's behalf and that service was effective on January 27, 2009. Because Flagstar filed its Notice of Removal on February 26, 2009, which is within thirty days after it was formally served with a copy of the plaintiff's Summons and Complaint, the Court concludes that it was timely filed.

  II.  Linda Lancelotte Was Fraudulently Joined as a Defendant; Therefore the Parties are Completely Diverse

In their Complaint, the plaintiffs name Linda Lancelotte as

the agent and representative of Flagstar who directed them through the loan process, received their application, and encouraged them to fulfill all the commitment requirements, assuring them at every stage of the process that their loan would be approved. The defendants respond that Lancelotte was fraudulently joined as a defendant in the action solely for the purpose of defeating diversity jurisdiction. To establish fraudulent joinder of a non-diverse defendant by the plaintiff with the intention of defeating diversity jurisdiction, "the removing party must prove that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999). The defendants argue that the plaintiffs have stated no possible basis of recovery against Lancelotte. The burden is on the defendants to prove their allegation of fraudulent joinder. Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). Any ambiguities in state law are to be decided in favor of the party seeking remand. Ross v. Citifinancial, Inc., 344 F.3d 458, 463 (5th Cir. 2003). However, the plaintiffs cannot present only the allegations in their Complaint as evidence of possible recovery. Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The Court may "'pierce the pleadings' and consider summary

judgment-type evidence." Id. Ultimately, the Court must determine whether there is any reasonable basis for predicting that the plaintiffs might be able to recover against Lancelotte under state law. Ross, 344 F.3d at 462. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." Id. (emphasis in original).

The general rule in Mississippi is that where an agent acts for a known principal, the agent incurs no liability for the principal's breach of duty. Hart, 199 F.3d at 247. Conversely, an agent may be held personally liable if he or she "directly participates in or authorizes the commission of a tort." Id. An agent cannot be held liable, however, merely based on his or her connection to the principal without some individual tortious act. Id. The Mississippi Supreme Court established the standard of care required by insurance adjusters to the insured, a relationship analogous to the lender agent - borrower relationship, in Bass v. California Life Ins. Co., 581 So.2d 1087 (1991). The Court declared that an adjuster is not liable for simple negligence in adjusting a claim; an adjuster "can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." Id. at 1090. The Court then stated that it was "hesitant to hold adjusters, *agents* or *other similar entities* to a standard of ordinary negligence." Id. (emphasis added).

6

In their Complaint, the plaintiffs admit that Lancelotte was acting as an agent and representative of Flagstar throughout the loan process. They allege that the acts of both defendants amount to breach of contract and gross negligence, but they plead no facts which support a conclusion that Lancelotte might be held individually liable for the alleged acts. "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient" to defeat a properly supported claim of fraudulent joinder. Frye v. American General Finance, Inc., 307 F. Supp. 2d 836, n.6 (S.D. Miss. 2004). Because the plaintiffs have offered no reasonable basis for which they might recover against Lancelotte in state court, the Court concludes that Lancelotte was fraudulently joined for the purpose of defeating diversity jurisdiction, and therefore without Lancelotte as a defendant in the action, the parties are completely diverse.

III. The Amount in Controversy Exceeds $75,000.00

The plaintiffs did not allege a specific amount of damages in their Complaint. When no amount is specified, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000.00]." De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). If it is "facially apparent that the claims are likely above [$75,000.00]," the Court can affirm the removal. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). If not, the removing defendant can set forth

the facts in controversy that support a finding that the jurisdictional amount is met. Id. Mere conclusory allegations, however, are not enough to prove the amount exceeds $75,000.00. Id. Flagstar supports its contention that the jurisdictional amount is satisfied by showing that the amount of the loan the plaintiffs were approved for was $132,000.00 [docket entry no. 5 Exhibit B]. The plaintiffs also seek damages for "mental pain, suffering and anguish," which would further increase the amount of damages. The plaintiffs respond that the amount of the loan is "wholly unrelated" to their damages. They claim that they are seeking only the "consequential losses which resulted from Flagstar's termination of the loan process and which remain uncertain." However, these consequential losses alone are likely to exceed $75,000.00. The document which Flagstar submitted, showing the loan amount, also shows the existing mortgage loans which the plaintiffs were to pay off with the loan from Flagstar. They total $40,070.00. The plaintiffs were also going to use $25,000.00 to purchase a new home. In addition, the plaintiffs claim that they were homeless for a substantial period of time, sold their home for substantially less than fair market value, and lost much of their savings. On the basis of all the plaintiffs' claims, the Court concludes that it is "facially apparent" that the amount in controversy is likely above $75,000.00.

The Court concludes that diversity of citizenship jurisdiction

exists in this action pursuant to 28 U.S.C. § 1332.  The Court will not, therefore, address the bankruptcy subject matter jurisdiction issue.  Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion to Remand [docket entry no. 3] is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiffs' claims against defendant Linda Lancelotte are **DISMISSED WITH PREJUDICE**.

**SO ORDERED,** this the 12th day of August 2009.


                                                          s/ David Bramlette

                                          **UNITED STATES DISTRICT JUDGE**