```
                    UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

MICHAEL W. DAVID AND
KATHERINE S. PEROT DAVID                                      PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 5:09-CV-21-DCB

FLAGSTAR BANK, FSB                                             DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion to Dismiss with Prejudice [docket entry no. 18]. Having carefully considered the Motion, plaintiff's Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. FACTS AND PROCEDURAL HISTORY

On November 4, 2008, plaintiffs Michael W. David and Katherine S. Perot David ("plaintiffs") filed an action in the Circuit Court of Warren County, Mississippi, against Linda Lancelotte ("Lancelotte") and Flagstar Bank ("Flagstar" or "defendant"). In their Complaint, the plaintiffs bring claims for tortious breach of their loan contract with the defendant and for gross negligence in the loan process. Specifically, the plaintiffs seek to recover "an amount that will fully compensate them for all monetary loss as a result of the defendants' breach of contract" as well as "damages for mental pain, suffering and anguish which were the direct result of" the breach of contract and gross neglect [docket entry no. 1]. The plaintiffs do not specifically seek punitive damages.

On February 26, 2009, Flagstar filed a Notice of Removal of the action pursuant to 28 U.S.C. §§ 1441, 1446, and 1452, predicating the Court's jurisdiction upon both diversity of citizenship under 28 U.S.C. § 1332 and bankruptcy subject matter jurisdiction under 28 U.S.C. § 1334. The plaintiffs filed a Motion to Remand on March 26, 2009. This Court denied the Motion to Remand on August 12, 2009, and also dismissed the plaintiffs' claims against Lancellote holding that she was fraudulently joined as a party. Thereafter, on November 10, 2009, Flagstar filed this Motion to Dismiss.

Flagstar posits two arguments for dismissal of the plaintiff's claims. First, Flagstar argues that the plaintiffs' claims are judicially estopped because they failed to identify the claims as contingent liabilities in their bankruptcy action which was ongoing at the time the plaintiffs' claims accrued. Second, Flagstar argues that the complaint does not allege that an actual contract exists between the parties; therefore, it fails to state a claim upon which relief may be granted.

In their Response to Flagstar's motion, the plaintiffs argue that although their failure to amend their Bankruptcy Schedules to disclose the claim against Flagstar was a "technical violation of the Bankruptcy Code," it was not an intentional act and there is no evidence that they deliberately asserted inconsistent positions to gain an advantage over their creditors. They argue that they acted

in good faith and judicial estoppel does not apply. The plaintiffs also assert that the complaint does allege a valid tortious breach of contract claim because it alleges factual allegations showing the existence of an offer, acceptance, and consideration, which are the elements necessary for a contract under Mississippi law. Further, the plaintiffs argue that Flagstar breached this contract by reneging on the loan agreement.

## II. STANDARDS OF LAW

### *1. The Motion to Dismiss Shall not be Converted to a Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. In the instant case, the defendant has filed a Motion to Dismiss together with other documents for the Court to consider when ruling on the motion. The plaintiffs have also attached exhibits to their Response. The court has discretion "whether to accept and consider any material beyond the pleadings" when deciding on the motion to dismiss. Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 194 n. 3 (5th Cir. 1988). Furthermore, "[t]he mere fact that the defendants included such [extrinsic] matters in their memoranda to the court in support of their motion does not mean that the court in fact considered this material in any way when making its decision." Reid v. Hughes, 578 F.2d 634, 636, n. 2 (5th Cir. 1978). If the court does "accept and consider these

[extrinsic] materials, the motion will be treated as one for summary judgment." FED. R. CIV. P. 12(d); Mitsui Sumitomo Ins. Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc., 2007 WL 2463308, at *2 (E.D. La. 2007)(citing FED. R. CIV. P. 56)). The defendant asks the Court to consider four (4) attached exhibits as evidence that the doctrine of judicial estoppel applies, and the plaintiffs ask the Court consider five (5) attached exhibits in their Response. However, the Court is of the opinion that there are insufficient facts available at this time to convert this motion into a motion for summary judgment. Therefore, the exhibits presented by each party are excluded.

*2. Motion to Dismiss Standard*

When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view the facts in a light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). The Supreme Court stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To have facial plausibility, the plaintiff must plead "factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 1950(citing FED. RULE. CIV. PRO. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S.Ct. at 1969. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id.(quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1914)(overruled on other grounds)).

### III. ANALYSIS

*1. Judicial Estoppel*

Because the Court may not consider documents outside the pleadings in a Motion to Dismiss, and the documents presented have been excluded by the Court, there are insufficient facts available to determine the applicability of the judicial estoppel in the present case. As a result, the application of judicial estoppel is not appropriate at this point in the litigation.

*2. Tortious Breach of Contract*

In the instant case, the Court is of the opinion that the

plaintiff has pleaded facts that are plausible on their face and assert a valid tortious breach of contract claim. Under Mississippi law, "tortious breach of contract requires, in addition to the breach, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." Unity Comm., Inc. v. AT&T Mobility, Inc., 643 F. Supp. 2d 829, 839 (S.D. Miss. 2009)(citation omitted). In the plaintiffs' Complaint, they state that (1) they made an application for a loan to Flagstar, (2) Flagstar agreed to finance the purchase of the residence, and (3) the plaintiffs met all conditions imposed upon them by Flagstar under the loan agreement. These allegations constitute offer, acceptance, and consideration. The plaintiffs also assert that they agreed to repay the loan at 7% amortized over thirty (30) years. Further, the plaintiffs assert that they sold their home pursuant to a condition imposed by Flagstar, were homeless for a substantial period of time, and Flagstar breached the loan agreement by refusing to loan the plaintiffs funds for a new dwelling. Therefore, viewing the facts pled in the complaint in the light most favorable to the plaintiffs, the Court finds that the plaintiffs have asserted a valid tortious breach of contract claim. For these reasons, the defendant's Motion to Dismiss is denied with leave to file a motion for summary judgment.

## IV. CONCLUSION

Accordingly,


**IT IS HEREBY ORDERED** that the defendant's Motion to Dismiss with Prejudice [docket entry no. 18] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of February 2010.

                                          s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**